UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| RED RIVER STATE BANK,<br><br>Plaintiff,<br><br>vs.<br><br>THE RUINS, LLC, WATERTOWN DEVELOPMENT COMPANY, WATERTIGHT, INC., HAMLIN BUILDING CENTER, INC., XTREME FIRE PROTECTION, LLC, PERFORMANCE SPRAY FOAM LLC, B&W CONSTRUCTION, LLC, D&M INDUSTRIES, INC., TOP FINISH CARPENTRY, LLC, CRAIG DEVELOPMENT, LLC, CRAIG HOLDINGS, LLC, CRAIG PROPERTIES, LLC, JESSE CRAIG, CODINGTON COUNTY, SOUTH DAKOTA, DIAMOND WALL SYSTEMS, INC.,<br><br>Defendants,<br><br>TOP FINISH CARPENTRY, LLC,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>PREVAIL, LLC,<br><br>Third-party Defendant. | 1:25-CV-01016-CBK<br><br>ORDER |

Plaintiff filed a complaint in the Circuit Court, Third Judicial Circuit, Coddington County, South Dakota, on February 27, 2024, 14CIV24-000068. Plaintiff sought a money judgment against defendants The Ruins, Craig Development, Craig Holdings, Craig Properties, and Jesse Craig based upon claimed default upon promissory notes, a

money judgment against Jesse Craig based upon his claimed guarantee, foreclosure of certain personal property security interests, foreclosure of a mortgage, and appointment of a receiver. Plaintiff filed a notice of no personal claim against the remaining defendants. Jesse Craig, as sole member of Generations on 1st LLC, Parkside Place LLC, and The Ruins, LLC, filed a Chapter 11 bankruptcy petitions on January 6, 2025, in the United States Bankruptcy Court for the District of North Dakota, Petition #s 25-30002, 25-30003, 25-30004. The case against The Ruins, LLC, 25-30004, is the lead case in bankruptcy court.

Plaintiff filed a motion for relief from the automatic stay which was granted by the Bankruptcy Court on September 29, 2025. On October 28, 2025, Jesse Craig filed a notice of removal and request for referral of this case to the United States Bankruptcy Court for the District of North Dakota. Defendant Craig contends that plaintiff's claims are core proceedings to the pending bankruptcy matters. Plaintiff filed a motion to remand based on the doctrines of mandatory and discretionary abstention and equitable considerations.

Federal law authorizes the removal of state court civil actions to the United States district courts for the district embracing the place where the state action is pending if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Craig contends that federal jurisdiction exists under 28 U.S.C. § 1334(a), which grants "original and exclusive jurisdiction of all cases under title 11" and § 2334(b), which grants "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." This contract and foreclosure action is not a bankruptcy matter within the exclusive jurisdiction of the United States District Courts. Jurisdiction exists, if at all, only under § 1334(b).

Pursuant to 28 U.S.C. § 1334(c)(1), this Court may, "in the interest of justice, or in the interest of comity with State courts or respect for State law," abstain from hearing any matter claimed to be "arising under title 11 or arising in or related to a case under title 11." I find that remand in this case is appropriate both in the interest of justice and in the interest of comity.

This Court is required to abstain from exercising jurisdiction over State law claims or causes of action which were removed under 28 US.C. § 1334 where a party files a timely motion to remand, there is no other independent basis of jurisdiction, and the action can be timely adjudicated in the State forum from which the case was removed. 28 U.S.C. § 1334(c)(2). I find that this case satisfies all the conditions set forth in § 1334(c)(2) and this matter must be remanded as requested by plaintiff.

Notwithstanding the discretionary and mandatory abstention provisions in the jurisdictional provisions, 28 U.S.C. § 1334(c), the removal statute applicable to claims alleged to be related to bankruptcy cases authorizes remand "on any equitable ground." 28 U.S.C. § 1452(b). After considering all the arguments of the parties and the equities of involved in the decision whether this case should be retained or remanded, I find that this matter should be remanded to the South Dakota Circuit Court, Third Judicial Circuit, Coddington County. Although remand is justified on all three possible grounds, I want to emphasize how the equities justify and, in fact, demand remand. The Ruins LLC and its guarantors and members obviously failed to pay a large number of small merchants, most from Watertown and its "territory." These merchants are parties and will be severely impacted by being required to go to trial at least 90 miles from Watertown. Trying a case even that distance from home requires money and time more than would be required to be able to "stay home."

Now, therefore,

IT IS ORDERED that the motion, Doc. 5, to remand to the South Dakota Circuit Court, Third Judicial Circuit, Coddington County, is granted.

DATED this 26th day of January, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge